UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

JUNIOR FREDERICK,

                         Petitioner,                        9:05-CV–165
                                                                                  (GLS)(DRH)

v.

D.B. DREW,

                         Respondent.

------------------------------------------------------------

APPEARANCES:

JUNIOR FREDERICK
Petitioner, *pro se*
48440-053
FCI Ray Brook
PO Box 9001
Ray Brook, NY 12977

GARY L. SHARPE, U.S. DISTRICT JUDGE

## ORDER

### I. Background

Presently before the Court is a petition for habeas corpus brought by Junior Frederick ("Frederick" or "petitioner") pursuant to 28 U.S.C. § 2241. Petitioner has paid the filing fee in this action.

Petitioner, who is presently confined at the Federal Correctional Institution at Ray Brook, New York, brings the present action to challenge a sentence imposed by District Judge Thomas J. McAvoy, where petitioner was sentenced on March 20, 1998 to a term of 151 months imprisonment and five years of supervised release, after petitioner plead guilty to distribution of cocaine and conspiracy to possess with intent to distribute. Docket No. 1. Petitioner's conviction and sentence were thereafter affirmed by the

United States Court of Appeals for the Second Circuit on March 19, 1999.

According to petitioner, he filed a motion pursuant to 28 U.S.C. § 2255 ("Section 2255 motion") on February 28, 2000 that was denied on July 31, 2000. An appeal to the Second Circuit from that order was denied on October 18, 2002. The United States Supreme Court denied certiorari on January 13, 2003.

On November 22, 2000 petitioner filed a motion pursuant to Rule 60(b). That motion was denied by the Court on December 19, 2000. See 3:00-CV-0354, Docket No. 16. Petitioner alleges that he also filed a motion pursuant to 18 U.S.C. §3582(c)(2) on May 15, 2003. The mandate from the Second Circuit, filed with this Court on July 21, 2003, reflects that the Second Circuit denied petitioner leave to file a second §2255 motion. See 3:00-CV-0354, Docket No. 19.

## II.   Petitioner's Claims

In this petition, Frederick states that the sentencing court found that petitioner was responsible for at least 500 grams of cocaine *base*, and sentenced him accordingly. Petitioner alleges that his counsel objected to the Court's adoption of this finding, that was contained in the presentence report, because such a finding resulted in a longer sentence under the sentencing guidelines. Petitioner argues that the finding that the substance was cocaine base, as opposed to cocaine, was not in the allocution where petitioner alleges he admitted that the controlled substance he possessed was cocaine. Accordingly, petitioner asserts that he is entitled to relief pursuant to the United State Supreme Court's decision in *United States v. Booker*, ___U.S. ___, 125 S.Ct. 738 (January 12, 2004).

2

## III. Discussion

### A. Section 2255 and Section 2241

A prisoner in custody under sentence of federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to the sentencing court pursuant to Section 2255. 28 U.S.C. § 2255; *Chambers v. United,* 106 F.3d 472, 474 (2d Cir. 1997); *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004). By contrast, Section 2241 is the proper means to challenge the execution of a sentence. *Adams*, 372 F.3d at 134; 28 U.S.C. § 2241. For example, a Section 2241 petition may be used to challenge parole decisions, computation of a sentence by federal officials, or disciplinary actions taken against a federal inmate. *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Therefore, a federal prisoner may generally not seek relief from his conviction or sentence pursuant to a petition filed under 28 U.S.C. § 2241.

### B. Section 2255 Savings Clause

There is an exception to the bar against using Section 2241 to collaterally attack a federal conviction or sentence. A federal prisoner may seek relief under Section 2241 if he can show that his remedy under Section 2255 is "inadequate or ineffective to test the validity of his detention." *United States v. Triestman*, 124 F.3d 361 (2d Cir. 1997). Specifically, under the "savings clause" of Section 2255, an individual may not bring an action under Section 2241 to contest his conviction "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is***

3

***inadequate or ineffective to test the legality of his detention*.**" 28 U.S.C. § 2255. The "inadequate and ineffective" remedy has been recognized to be a narrow exception. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). The burden of proving that § 2255 is inadequate or ineffective rests with the petitioner. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000). The § 2255 savings clause was discussed at length by the Second Circuit in *Triestman*. The Circuit cautioned that the availability of review under § 2241 for those who had previously been denied relief under § 2255 is narrow, and noted that:

> in reaching this result, we therefore respect Congress' intent to streamline collateral review and to discourage repetitive and piecemeal litigation, while at the same time we give meaning to Congress' express decision (reaffirmed in the AEDPA) to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it.

*Id.* (citations omitted).

Thus, the mere fact that petitioner's Section 2255 motion was unsuccessful does not satisfy the requirements for establishing that a particular remedy is inadequate or ineffective; a remedy is not inadequate or ineffective under Section 2255 merely because the sentencing court denied relief on the merits. *Williams v. U.S.*, 481 F.2d 339, 344 (2d Cir. 1973) ("[l]ack of success in the chosen forum ... does not make the remedy inadequate or ineffective" under § 2255). A § 2255 motion is also not inadequate or ineffective merely because petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive section 2255 motion. *Jiminian*, 245 F.3d at 147-48. Further, §2255 relief is not inadequate and ineffective

4

simply because the petitioner has allowed the one year statute of limitations for filing a Section 2255 motion to expire. *U.S. v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citation omitted). "It is the inefficacy of the remedy, not a personal inability to use it, that is determinative...." *Garris v. Lindsay*, 794 F.2d 722, 725-26 (D.C. Cir. 1986); *Cf. Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997). Procedural barriers to filing a § 2255 motion, without more, do not establish inadequacy or ineffectiveness. *Triestman*, 124 F.3d at 376. Moreover, even if petitioner can establish that his remedy under § 2255 is inadequate or ineffective, the petitioner must also demonstrate that he or she is actually innocent of the crimes for which he was convicted. *Id.* at 377-79.

### C.   Petitioner's Application Under the "Savings Clause"

Petitioner argues that the fact that the sentencing court enhanced his sentence based upon facts which were not "supported by an admittance by myself or found by a jury beyond a reasonable doubt" violated his Sixth Amendment rights and the Supreme Court's decision in *Booker*. Petitioner is challenging the imposition of his sentence and not its execution. Unless petitioner can avail himself of the savings clause of § 2255, his recourse is to file a § 2255 motion with the sentencing court. Petitioner, however, has a problem. He has already filed a § 2255 motion with the sentencing court, which was denied. He was also denied leave to file a second or successive petition in 2003. Section 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion and requires that:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that

5

> no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner admits that he cannot satisfy the gatekeeping requirements but argues that he comes under the savings clause of § 2255 and should be permitted to challenge his conviction via § 2241.

In this case, nothing in the application before the Court indicates that petitioner's remedy under § 2255 would be inadequate or ineffective in addressing the legality of his detention. Rather, petitioner seems to have brought this action under § 2241 merely because he believes he will be unsuccessful if he seeks permission from the Second Circuit to file a second or successive § 2255 motion. Specifically, Petitioner states that he will not receive permission from the Second Circuit to file a second § 2255 motion because his claim is not based upon either newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court.[1]

Moreover, Petitioner has set forth nothing to demonstrate that he is actually innocent of the crimes for which he was convicted. "Where a habeas petitioner asserts actual innocence as part of an effort to argue the inadequacy or ineffectiveness of § 2255, he must both state a colorable basis for that claim and demonstrate his inability to effectively have raised it at an earlier time." *Cephus v. Nash*, 328 F.3d 98, 103 (2d

---

[1] Petitioner argues however that because *Booker* is a "new rule", a "clean break with the past," "structural," and "watershed," this Court should apply *Booker* retroactively. *Id*. The Court does not agree with Petitioner's reasoning. As will be more discussed, *infra*, **only** the Supreme Court may hold a new rule of law to be retroactive on collateral review.

Cir. 2003); *see also Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) (in order to fit into the savings clause exception, petitioner must not only show that relief is not available under § 2255, but must also assert actual innocence that can be proved upon the existing record and could not have been asserted earlier). Here, Petitioner's assertion that his sentence was enhanced based upon facts not admitted in the plea allocution involves a new rule of law which may affect the length of his sentence, not a change in law which "'seriously diminish[ed] the likelihood of obtaining an accurate conviction.'" *Forbes v. United States*, 262 F.3d 143, 145 n.4 (2d Cir. 2001) (quoting *Tyler v. Cain*, 533 U.S. 656, 665 (2001) (O'Connor, J., concurring) (alterations in original). Petitioner's contentions do not establish that he is "actually innocent." *Cf. Bailey v. United States*, 516 U.S. 137 (1995). Thus, the Court finds that the § 2255 savings clause does not apply here and this Court lacks jurisdiction to entertain the § 2241 petition.

### D. Petitioner's Application as a § 2255 Motion

If the Court were to construe Petitioner's application as a second or successive § 2255 motion, it is also clear that the Court lacks jurisdiction. *See* 28 U.S.C. § 2255 (District Court does not have jurisdiction to address a second or successive motion unless the motion is first certified by the appropriate Court of Appeals as provided in sections 2244 and 2244).

## IV. Conclusion

Since this Court lacks jurisdiction over Petitioner's application whether it is construed as a § 2241 petition or a second § 2255 motion, the question then becomes whether the Court should transfer the application to the appropriate court or dismiss it.

Because the Court finds that any challenge based on *Booker*, whether filed pursuant to § 2241 or § 2255 would fail on the merits because *Booker* has not been held to apply retroactively on collateral review, the Court will dismiss the application.

"In *Tyler v. Cain* the Supreme Court considered whether new rules of constitutional law apply retroactively to second or successive petitions, and held that 'a new rule is not made retroactive to cases on collateral review **unless the Supreme Court holds it to be retroactive**." *See Tyler*, 533 U.S. 656, 663 (2001) (emphasis added). Thus, until the Supreme Court holds *Booker* to apply retroactively to cases on collateral review, Petitioner cannot raise a *Booker* challenge as a second or successive § 2255 motion, or via a § 2241 petition. It seems unlikely that the Supreme Court will find *Booker* to be retroactive to cases on collateral review since in the *Booker* decision itself the Supreme Court stated:

> As these dispositions indicate, we must apply today's holdings - both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act - **to all cases on direct review**.

*Booker*, supra. at 769 (emphasis added).

In the Second Circuit, a number of Courts have already held that the above-quoted language makes it clear that the *Booker* decision does not apply retroactively to cases that have reached final resolution. *Green v. United States*, 2005 WL 237204 (2d Cir. 2005); *Mincome v. United States*, 2005 WL 195383 (N.D.N.Y. 2005) (Munson, S.J); *United States v. Reyes*, 2005 WL 427578 (S.D.N.Y. 2005). Other courts that have addressed the issue have also concluded that *Booker* does not apply retroactively. *See, e.g United States v. McReynolds*, 397 F.3d 479, 2005 WL 237642, at *2 (7th Cir. Feb.2, 2005); *Humphress v. United States*, 398 F.3d 855, 2005 WL 433191, at *7 (6th

Cir. Feb.25, 2005); *Varela v. United States*, 2005 WL 367095, at *3-4 (11th Cir. Feb.17, 2005); *United States v. Comarovschi*, No. CRIM.A.3:03 CR 00127, 2005 WL 605784 (W.D. Va. Mar. 15, 2005); .

By analogy to the Second Circuit decision in *Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003), the Court also concludes that no "serious constitutional question" arises by not allowing Petitioner to proceed under the savings clause of § 2255. The *Love* decision, which addressed an *Apprendi* challenge, found that foreclosing an *Apprendi* challenge under the savings clause does not raise serious constitutional questions. Quoting the Eighth Circuit, the *Love* Court stated:

> We believe th[e] argument [that prisoners should be able to file under section 2241 because *Apprendi* claims are not reviewable under section 2255] is flawed because it attributes blame to the wrong source. [Petitioners] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek. But this is not so. Their true impediment is *Apprendi* itself, not the remedy by § 2255 motion.[2]

*United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir.), *cert denied*, 537 U.S. 869 (2002). Here too, because *Booker* has not been made retroactive on collateral review, it is not the gatekeeping provisions of § 2255 which are responsible for Petitioner's inability to raise his *Booker* claim; it is the unavailability of

---

[2] *Apprendi* has been determined to be not retroactive on collateral review. *See e.g. See Coleman v. U.S.*, 329 F.3d 77, 82 (2d Cir. 2003); *Forbes v. U.S.*, 262 F.3d 143 (2d Cir. 2001); *Reynolds v. Cambra*, 290 F.3d 1029, 1030 (9th Cir. 2002); *Thompson v. Hill*, No. 01-35479, 2002 WL 1378958 at *2 (9th Cir. June 25, 2002); *Meriweather v. Maass*, No. 01-35375, 32 Fed. Appx. 973, 973, 2002 WL 5704323 at *1 (9th Cir. Apr. 16, 2002); *Hunter v. Hill*, No. 01-35416, 31 Fed. Appx. 566, 566, 2002 WL 464749 at *1 (9th Cir. Mar.11, 2002); *Hartman v. Lee*, 283 F.3d 190, 192 n.2 (4th Cir. 2002); *United States v. Sanchez-Cervantez*, 282 F.3d 664, 668 (9th Cir. 2002); *Burch v. Corcoran*, 273 F.3d 577, 584 (4th Cir. 2001), *cert. denied*, 535 U.S. 1104 (2002).

9

the *Booker* claim itself.

Therefore, based upon the foregoing, the petition, whether filed pursuant to § 2255 or § 2241 (via the savings clause), must be dismissed without prejudice. In the event that the Supreme Court does hold that *Booker* should be applied retroactively to cases on collateral review, petitioner may move for appropriate relief at that time.

Accordingly, the Court hereby

ORDERS that the petition in this action is DISMISSED without prejudice as set forth above, and the Court further

ORDERS that the Clerk serve a copy of this Order on the Petitioner by certified mail.

IT IS SO ORDERED.

Dated:   April 7, 2005
         Albany, New York

*Gary L. Sharpe*
U.S. District Judge